## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHARON RADTKE,

      Petitioner,

                                       CASE NO. 2:08-CV-14980

v.                                HONORABLE VICTORIA A. ROBERTS
                                       UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

      Respondent.

_____/

## OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS  AND DENYING CERTIFICATE OF APPEALABILITY

      Sharon Radtke, ("Petitioner"), confined at the Women's Huron Valley Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is serving a 15-to-30 year sentence for her Wayne Circuit Court guilty plea conviction for second-degree murder,  MICH. COMP. LAWS 750.317, and a consecutive two-year term for her conviction of felony-firearm. MICH. COMP. LAWS  750.227B.  The petition does not seek to set aside Petitioner's convictions.  Rather, Petitioner seeks an order compelling the trial court to modify her conviction to "guilty but mentally ill," and she seeks 305 days of jail credit.   For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

## I.  Background

      Petitioner shot to death her 23-year-old daughter, Lisa Radtke, while she slept.  The victim attended Eastern Michigan University but spent the night at her mother's house.  Petitioner was undergoing financial difficulties and explained to the police that she killed her daughter to protect her from the dangers she would face when they became homeless.

1

Petitioner was charged with first-degree murder and felony-firearm. The trial court ordered Petitioner to undergo psychological evaluations for competency and criminal responsibility. Petitioner's counsel filed a notice that he would present an insanity defense. According to one psychological evaluation, Petitioner was acutely psychotic at the time she shot her daughter and was not criminally responsible for her actions. An evaluation by another examiner reached the opposite conclusion.

After plea negotiations, Petitioner agreed to plead "guilty but mentally ill" to the reduced charge of second-degree murder with a 15-to-30 year sentence agreement. The trial court did not accept the psychological evaluation that Petitioner was mentally ill, and it refused accept the plea of "guilty but mentally ill."

The parties agreed to delete that portion of the plea agreement and proceed with the plea:

DEFENSE COUNSEL: Well, your Honor, then we will withdraw that part of the plea which refers to the guilty but mentally ill and let it go as a straight guilty plea, and she won't get the treatment that she so desperately needs.

THE COURT: Well, I'm not in the position of negotiating with you. That's something that you discuss with the prosecuting attorney's office.

DEFENSE COUNSEL: I know, Judge.

PROSECUTOR: Your Honor, obviously the plea offer had been made. It still stands that they could accept murder in the second degree, felony firearm with the sentence agreement. Again, the People are not opposed to her having treatment in prison for her illness. She would still be going to prison. She would still be accepting the same time.

I can't persuade the Court obviously to let her get that treatment, but the offer is still available to Ms. Radtke.

THE COURT: All right. Then revise the presentence form.

Plea Tr. At 18-19.

2

The trial court then conducted a plea colloquy in which Petitioner was advised of the rights she was waiving by pleading guilty, and Petitioner indicated her desire to give up those rights and plead guilty to the reduced charge with the sentencing agreement. The trial court found that the plea was voluntarily entered. Petitioner was subsequently sentenced under the terms of the agreement.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals that raised two claims:

> I. The trial court's erred in refusing to accept defendant's guilty but mentally ill plea when a forensic psychological evaluation found defendant was not criminally responsible for the offense.
>
> II. This court should remand for jail credit and for correction of the presentence investigation report when the report contains inaccurate or misleading information.

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Radtke*, No. 283303 (Mich. Ct. App. April 18, 2008).

Petitioner filed an application for leave to appeal from this order in the Michigan Supreme Court and raised the same two claims she presented to the Michigan Court of Appeals. The application for leave to appeal was denied but the Michigan Supreme Court remanded the case to the trial court to grant Petitioner credit for time served in jail prior to her conviction. *People v. Radtke*, 482 Mich. 987; 755 N.W.2d 656 (2008).

Petitioner now seeks a writ of habeas corpus based on the two claims she presented to the state courts during her direct appeal. Respondent contends that both of his claims are without merit.

## II. <u>Standard of Review</u>

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if she can show that the state court's adjudication of her claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A]

4

state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, No. 2011 WL 148587, * 11 (U.S. 2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  "[I]f this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. 770.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*.  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter,* 131 S.Ct. 770.

### III. Discussion

### A.

Petitioner's first claim asserts that the trial court erroneously refused to accept her plea of "guilty but mentally ill."  She does not claim that her subsequent guilty plea was involuntarily.  Rather, she only requests that the state court be ordered to include the mentally-ill designation to her conviction so that she will be eligible to receive therapy in prison.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broc*e, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969).  Petitioner does not challenge the validity of her plea on any of these bases.  A valid plea like Petitioner's constitutes a waiver of all antecedent defects in the proceedings. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001).  When Petitioner agreed to plead guilty instead of guilty but mentally ill, she waived any claim that the trial court improperly refused to accept her first plea.

In any event, under Michigan law a finding that the defendant is guilty but mentally ill at the time of the offense does not exculpate or reduce the degree of an offense. *People v. Ramsey*, 422 Mich. 500, 375 N.W.2d 297, 313, 315 (Mich. 1985) (Levin, J., dissenting). "A defendant found guilty but mentally ill is required to be and is in fact processed and dealt with essentially in the same manner as any other convicted person." *Id.* at 315.  That is, the difference between being found guilty and being found guilty but mentally ill does not impact the fact or length of incarceration. Petitioner's claim does not seek to decrease the length of her sentence; it seeks only to change the conditions of confinement by requiring the state to treat her mental illness while she is imprisoned.

6

When a prisoner is challenging the fact or duration of her physical imprisonment and the relief that she is seeking is a determination that she is entitled to immediate release or a speedier release from that imprisonment, her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Habeas relief is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway*, 476 F.Supp.2d 715, 718 (E.D. Mich. 2007). Complaints which involve conditions of confinement, "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose*, 483 F.Supp. 661, 672 (E.D. Tenn. 1980)). Because Petitioner's first habeas claim challenges only the conditions of her confinement, her claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F.App'x. 389, 393 (6th Cir. 2006).

Therefore, Petitioner is not entitled to habeas relief based on her first claim.

## B.

Petitioner's second claim asserts that she is entitled to credit for the time she spent in jail prior to sentencing. She also claims that the pre-sentencing information report should be edited to reflect that she only shot her daughter once in the head.

First, Petitioner already received the relief she requests in the state court. The Michigan Supreme Court remanded her case to the trial court to enter an amended judgment of sentence reflecting the jail credit she seeks. But even if there is still a dispute as to the amount of credit she is entitled to, it is not an issue that can be raised in this action. A state prisoner has no right under the Federal Constitution to earn or receive sentencing credits. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir.1992)). A

7

state court's alleged misinterpretation of state crediting statutes is a matter of state concern only. *See Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, *2 (6th Cir. 2003). Petitioner has thus failed to state a claim upon which relief may be granted as to her sentencing credit claim.

As for the statement in the presentencing information report that Petitioner shot her daughter twice, it is true that a sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)). Here, the sentencing court did not rely on this information in imposing sentence because the sentence Petitioner received was the result of a sentencing agreement and not based on any findings made by the trial court.

Accordingly, Petitioner's second claim does not provide a basis for granting habeas relief.

## IV.  Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny

8

a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court denies Petitioner a Certificate of Appealability because she failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable, or that she should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

## V.   ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 4, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record and Sharon Radtke by electronic means or U.S. Mail on May 4, 2011.

s/Carol A. Pinegar
Deputy Clerk

9